IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID EDWARD STEVENS,** : | **CIVIL NO. 1:CV-10-02595** |
| Petitioner : | (Judge Rambo) |
| v. : | |
| **B.A. BLEDSOE,** : | FILED<br>HARRISBURG, PA |
| Respondent : | APR 4 - 2011 |

**MEMORANDUM**

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, filed by Petitioner David Edward Stevens ("Stevens"), an inmate confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"). Stevens alleges that his constitutional rights were violated in the context of a disciplinary proceeding. For the reasons that follow, the petition will be denied.

I. **Facts**

At all times relevant to this petition, Stevens was confined at the United States Penitentiary at Big Sandy ("USP-Big Sandy") in Inez, Kentucky. On June 13, 2009, at approximately 11:30 a.m., Corrections Officers Schlick and Ross opened the food tray slot of Stevens' cell door in an attempt to feed him. (Doc. 8-1 at 34.) Stevens became angry about the meal, then put his head in the food tray slot and spit on

Officer Schlick, hitting him in the upper torso and face. (*Id.*) He then threw the food tray at both officers. (*Id.*)

As a result of this incident, Stevens was issued an incident report charging him with Minor Assault in violation of Section 224 of the Bureau of Prisons' ("BOP") disciplinary code. (*Id.* at 34-35.) The incident report was delivered to Stevens at 8:44 p.m. on June 13, 2009. (*Id.* at 34.) An investigation was conducted on that same day. (*Id.* at 35.) On June 16, 2009, the Unit Disciplinary Committee ("UDC") held a hearing to review the incident report. (Id. at 40-43.) Stevens "refused" to attend the UDC hearing. (*Id.* at 40.) After reviewing the matter, the UDC referred it to the Disciplinary Hearing Officer ("DHO") for further hearing. (*Id.*) Stevens was advised of the DHO hearing and advised of his rights at that hearing. (*Id.*) He was given copies of "Inmate Rights at Discipline Hearing" and the "Notice of Discipline Hearing Before the DHO." (*Id.* at 40, 42.) Stevens indicated that he did not want a staff representative and that he did not wish to present witnesses at the DHO hearing. (*Id.* at 40.)

On June 19, 2009, the DHO held a hearing. (*See id.* at 31-33.) Prior to the hearing, Stevens was advised of his right to appear before the DHO but waived that right. (*Id.* at 43.) Again, he waived the right to a staff representative and did not request witnesses on his behalf. (*Id.* at 31.) The DHO conducted the hearing in Stevens' absence, and relied on the available evidence, namely the written eyewitness

2

statements from Officers Schlick and Ross. (*Id.* at 32.) In his decision dated October 4, 2009, the DHO stated,

> You [(Stevens)] waived your appearance before the DHO and the hearing was continued in your absence. Hence, the DHO can only determine that you had no interest in offering any evidence to refute the charge. Based on the written eyewitness statement of the reporting staff that you spit on him, hitting him in the upper torso and face, and you threw your food tray at him and Officer Ross, I find you committed the prohibited act of Assault.

(*Id.*) Stevens was sanctioned with disallowance of 27 days of good conduct time, forfeiture of 27 days of non-vested good conduct time, and 45 days of disciplinary segregation. (*Id.*) The decision was delivered to Stevens on December 11, 2009. (*Id.* at 33.)

At the time of the filing of Respondent's answer to the instant petition, Stevens had filed thirty (30) requests for administrative remedies since entering the BOP. (*See* Doc. 8-1 at 14-29.) None of these requests pertain to the incident report or DHO hearing and decision at issue in this petition. (*See id.*)

## II. Discussion

The BOP disciplinary process is fully outlined in the Code of Federal Regulations, Title 28, Sections 541.10 through 541.23. These regulations dictate the manner in which disciplinary action may be taken should a prisoner violate, or attempt to violate, institutional rules. The first step requires filing an incident report

3

and conducting an investigation pursuant to 28 C.F.R. § 541.14. Staff is required to conduct the investigation promptly absent intervening circumstances beyond the control of the investigator. 28 C.F.R. § 541.14(b).

Following the investigation, the matter is then referred to the UDC for a hearing pursuant to 28 C.F.R. § 541.15. If the UDC finds that a prisoner has committed a prohibited act, it may impose minor sanctions. If the alleged violation is serious and warrants consideration for more than minor sanctions, or involves a prohibited act listed in the greatest or high category offenses, the UDC refers the matter to a DHO for a hearing. 28 C.F.R. § 541.15. Because Stevens was charged with Minor Assault, an offense in the high severity category, the matter was referred for a disciplinary hearing.

High category offenses carry a possible sanction of loss of good conduct time credits, *inter alia*. 28 C.F.R. § 541.13. When a prison disciplinary hearing may result in the loss of good conduct time credits, due process requires that the prisoner receive (1) written notice of the claimed violation at least twenty-four (24) hours in advance of the hearing, (2) an opportunity to call witnesses and present documentary evidence in his or her defense when doing so would not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the factfinder as to evidence relied on and reasons for the disciplinary action. *See Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974).

Further, despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing habeas claims under § 2241. *Speight v. Minor*, 245 F. App'x 213, 215 (3d Cir. 2007); *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion promotes a number of goals: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Courts, however, have excused exhaustion when it would not promote these goals. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, J., concurring) (exhaustion excused upon petitioner demonstrating futility); *Lyons v. United States Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion excused when agency actions clearly and unambiguously violate statutory or constitutional rights).

In order for a federal prisoner to exhaust his administrative remedies, he must comply with the prison grievance process set forth in the Code of Federal Regulations. *See* 28 C.F.R. § 542.10-.23; *Lindsay v. Williamson*, No. 1:CV-07-0808, 2007 WL 2155544, at *2 (M.D. Pa. July 26, 2007). An inmate first must informally present his complaint to staff, and staff shall attempt to informally resolve any issue

before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined. *Id.* at § 542.14(a). If dissatisfied with the response, he may then appeal an adverse decision to the Regional Office and the Central Office of the BOP. *Id.* at §§ 542.15(a) and 542.18. No administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office. *See Sharpe v. Costello*, No. 08-1811, 2008 WL 2736782, at *3 (3d Cir. July 15, 2008).

In the response to the instant habeas petition, Respondent claims that the petition should be dismissed because Stevens failed to complete the BOP's administrative appeals process prior to filing in this court. However, because the court concludes that the instant petition is without merit, it need not determine whether to excuse Stevens' failure to exhaust.

### A. Sufficiency of the Evidence

Stevens contests the sufficiency of the evidence relied upon in finding him guilty of the Code 224 violation. (Doc. 1 at 4-6.) The DHO's decision is required to be supported by some evidence in the record. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *see also Young v. Kann*, 926 F.2d 1396, 1402-03 (3d Cir. 1991) (applying *Hill* standard to federal prisoner due process challenges to prison disciplinary proceedings). The standard is met if there was a modicum of evidence

from which the conclusion of the tribunal could be deduced. *See Hill*, 472 U.S. at 455. Determining whether this standard is met does not require examination of the entire record, independent assessment of witness credibility, or weighing of the evidence; the relevant question is whether there is evidence in the record that supports the DHO's conclusion. *See id.*

In the instant case, Stevens alleges that the DHO did not consider evidence, statements, camera footage, or witnesses in making his decision. (Doc. 1 at 4.) However, the record belies this assertion. Notably, Stevens waived his right to attend the DHO hearing, present witnesses, and have staff representation. Therefore, the DHO had only the evidence presented to him at the hearing: the Corrections Officers' witness statements. In light of that evidence, the court finds that there was "some evidence" to support the DHO's decision. The statements of Officers Schlick and Ross which provided an account of the minor assault confirm that the DHO acted with a sound evidentiary basis. *Hill*, 472 U.S. at 455-56. Thus, the petition will be denied with respect to Stevens' claim that there was insufficient evidence to support the DHO's decision.

### B. Investigation and Notice and Record

Stevens also contends that BOP officials failed to conduct an investigation in violation of BOP policy, which, as a result, led to a false incident report being considered as evidence at the DHO hearing. (Doc. 1 at 4-6.) As set forth above,

following the issuance of the incident report, a prompt investigation must be undertaken. 28 C.F.R. § 541.14(b). However, absent a showing of prejudice, a technical violation of BOP regulations does not automatically require that a disciplinary sanction must be vacated and remanded. *Von Kahl v. Brennan*, 855 F. Supp. 1413, 1421 (M.D. Pa. 1994) (finding that in a federal inmate disciplinary proceeding "where the minimal requirements of due process have been met, an inmate must show prejudice to the rights sought to be protected by the regulation claimed to be violated" in order to obtain habeas relief).

The record reflects that a BOP official, D. Root, conducted an investigation on June 13, 2009, the day of the incident. (Doc. 8-1 at 35.) In his incident report, the investigator indicated that he reviewed Officer Schlick's statement, attempted to interview Stevens but he refused to make a statement, and reviewed his disciplinary record. (*Id.*) Further, the investigator delivered his incident report to Stevens that same day, putting Stevens on notice of the charges filed against him. (*Id.* at 39.)

Since the record shows that an investigation was conducted by a BOP official in a prompt manner, and Stevens was timely delivered the incident report, Stevens has clearly failed to establish that he was prejudiced by a violation of BOP regulations such as failure to conduct an investigation. Thus, the petition will be denied with respect to Stevens' claim that BOP officials failed to conduct a full and prompt investigation and failed to inform him of such.

8

Furthermore, to the extent that Stevens claims that the DHO failed to make a record of the disciplinary hearing in violation of Stevens' right to due process, that claim fails. Pursuant to the BOP's regulations,

> The Discipline Hearing Officer shall prepare a record of the proceedings which need not be verbatim. This record must be sufficient to document the advisement of inmate rights, the DHO's findings, the DHO's decision and the specific evidence relied on by the DHO, and must include a brief statement of the reasons for the sanctions imposed. The evidence relied upon, the decision, and the reasons for the actions taken must be set out in specific terms unless doing so would jeopardize institutional security. The DHO shall give the inmate a written copy of the decisions and disposition, ordinarily within 10 days of the DHO's decision.

28 C.F.R. § 541.17(g). In the instant case, the DHO report served as the record of the disciplinary proceeding. That DHO report was delivered to Stevens on December 11, 2009. Thus, even though Stevens was not present for the DHO hearing, notably a choice he made, his due process rights were not violated. The petition will be denied with respect to Stevens' claim that the DHO failed to make a record of the disciplinary proceeding.

### C. **Witnesses**

Stevens also claims he was denied his right to call witnesses at the DHO hearing. (Doc. 1 at 4-6.) This claim is without merit. At no stage in the process did Stevens request that witnesses be called on his behalf. (Doc. 8-1 at 31-33, 40.)

9

Further, prior to the hearing, he was advised of his rights with regard to staff representation and witness testimony and indicated that he understood. (*Id.* at 31.) Moreover, the DHO is not required to call witnesses. "The DHO need not call repetitive witnesses. The reporting officer and other adverse witnesses need not be called if their knowledge of the incident is adequately summarized in the Incident Report and other investigative materials supplied to the DHO." 28 C.F.R. § 541.17(c). Thus, because Stevens chose not to call any witnesses, and the DHO was not required to call witnesses, the court cannot find that the lack of witnesses at the DHO hearing resulted in a violation of Stevens' due process rights. The petition will be denied with respect to Stevens' claim that he was denied his right to call witnesses.

**D.     Representation at DHO Hearing**

Stevens also claims that he should have been afforded the assistance of a fellow inmate or staff representative at the DHO hearing. This claim is without merit. A prisoner does not have a general constitutional right to have a staff representative appear on his behalf in a disciplinary proceedings. *See Hudson v. Hedgepeth*, 92 F.3d 748, 751 (8th Cir. 1996). *See also Bermudez v. Holt*, No. 1:09-CV-0741, 2010 WL 55713, at *5 (M.D. Pa. Jan. 4, 2010). Rather, due process requires that inmates be provided with assistance only where the inmate is illiterate or "the complexity of the

10

issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Wolff*, 418 U.S. at 570. Stevens makes no allegation that he is illiterate, and the issues involved in the case were not complex. Therefore, the petition will be denied with respect to Stevens' claim that he was denied assistance at the DHO hearing.

### E. Sanctions

Stevens also challenges the severity of the sanctions imposed by the DHO. (Doc. 1 at 4-6.) The sanctions that may be imposed upon a finding of guilt of a high category offense include, *inter alia*, forfeiting earned statutory good time or up to 50% of non-vested good conduct time, and up to thirty days of disciplinary segregation. 28 C.F.R. § 541.13. Stevens is not entitled to relief on this ground because the sanctions imposed upon him were within the limits prescribed in this regulation.

Further, these penalties (forfeiture of good conduct time and disciplinary segregation) plainly fall "within the expected perimeters of the sentence imposed by a court of law," and do not "[impose] atypical and significant hardship on [petitioner] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 485 (1995). Therefore, because the sanctions imposed in this case fall well

11

within the regulatory scheme for such disciplinary infractions, Stevens' argument is without merit.

III. **Conclusion**

For the above stated reasons, the petition for writ of habeas corpus will be denied. An appropriate order will issue.

                                             /s/ Sylvia H. Rambo
                                             SYLVIA H. RAMBO
                                             United States District Judge

Dated: April 4, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID EDWARD STEVENS,** : | CIVIL NO. 1:CV-10-02595 |
| Petitioner : | (Judge Rambo) |
| v. : | |
| **B.A. BLEDSOE,** : | |
| Respondent : | |

# O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2) The Clerk of Court is directed to **CLOSE** this case.

SYLVIA H. RAMBO
United States District Judge

Dated: April 4, 2011.